GEORGE G. HARFORD vs. JOHN H. CARROLL.

PROVIDENCE—JANUARY 19, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Necessity for Criminal Complaint before Action for Personal Injuries.
Pleading and Practice.   Demurrer.   Plea in Abatement.*

In trespass for assault and battery, the declaration being in the usual
form, the defendant demurred to the declaration on the ground that it

did not set forth that criminal proceedings had been instituted against the defendant for the assault complained of, in accordance with Gen. Laws R. I. cap. 233, § 16 :—

*Held,* that the question could not be raised by demurrer.

*Semble,* before trial on the merits the question should be raised by a plea in abatement of the action.

*Semble,* Gen. Laws R. I. cap. 233, § 16, has no application to the case at bar.

TRESPASS. The facts are fully stated in the opinion. Heard on demurrer to the declaration. Demurrer overruled.

(1)     PER CURIAM. This is an action of trespass for an assault and battery. The defendant demurs to the declaration on the ground that it does not set forth that criminal proceedings had been instituted against the defendant for the assault complained of, in accordance with Gen. Laws R. I. cap. 233, § 16.

The question which the defendant seeks the determination of cannot be raised by demurrer. The declaration is in the usual form. The demurrer must, therefore, be overruled. To raise the question before trial on the merits, a plea in abatement of the action should have been filed, setting up the statute relied on and alleging the non-compliance of the plaintiff with its provisions.

Though the question is not properly before us, we may say that a civil action at common law might be maintained for an assault and battery without first instituting criminal proceedings, and hence the section of the statute under consideration has no application, the case being within the exception contained in the statute.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Job S. Carpenter and John S. Murdock,* for plaintiff.
*Wood & Fitch,* for defendant.